KIRBY AISNER & CURLEY LLP
*Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500
Julie Cvek Curley, Esq.
jcurley@kacllp.com
Jessica M. Hill, Esq.
jhill@kacllp.com

*Hearing Date: March 13, 2024*
*Hearing Time: 9:00 a.m.*
*Via Zoom for Government*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re

ROLANDO MANUEL ROSALES,

                         Debtor.
--------------------------------------------------------X

Chapter 13
Case No. 23-22768(CGM)

## DEBTOR'S OPPOSITION TO MOTION OF
## CHAPTER 13 TRUSTEE TO DISMISS CASE

**TO: HONORABLE CECELIA G. MORRIS**
     **UNITED STATES BANKRUPTCY JUDGE**

       The above-captioned Chapter 13 Debtor, Rolando Manuel Rosales (the "**Debtor**"), by his attorneys, Kirby Aisner & Curley LLP, hereby submits this opposition (the "**Opposition**") to the Chapter 13 Trustee's Motion to Dismiss his Chapter 13 case (the "**Motion**", ECF No. 25). In support of the Debtor's Opposition, the Debtor respectfully represents and sets forth as follows:

       1.     The Motion should be denied because: (i) the Debtor expects additional and amended claims to be filed and any amendments to the Plan (as defined below) would be premature; and (ii) the Debtor believes that he has satisfied most of, and is diligently working towards completing, the outstanding document deficiencies outlined within the Motion.

## BACKGROUND

       2.     On October 17, 2023, the Debtor filed a voluntary petition for relief under Chapter

13 of the Bankruptcy Code.  Thomas C. Frost was duly appointed and qualified as the Chapter 13 Trustee (the "**Trustee**").

3. On November 10, 2023, the Debtor filed his Chapter 13 Plan (the "**Plan**") [ECF No. 11].

4. On February 14, 2024, the Trustee filed the Motion on the following three grounds:

   a. The Plan is not feasible as it is not adequately funded to provide for full repayment of priority claims (*See,* Motion, ¶2);

   b. The Debtor's failure to provide payment advices (*Id.,* ¶3); and

   c. The Debtor's failure to provide:

      i. Affidavit of contribution from the Debtor's wife;
      ii. Documentation regarding the current value of real property in which the Debtor has an ownership interest; and
      iii. Evidence in support of certain expenses (*Id.,* ¶4).

## ARGUMENT

5. First, the Trustee alleges that the Debtor's Plan is not feasible as it is not adequately funded to provide for full repayment to all priority claims as required by 11 U.S.C. §1322(a)(2) (*See,* Motion, ¶2).

6. The governmental bar date, April 14, 2024, has not yet passed.  The Debtor anticipates that the New York State Department of Labor will file a priority claim in his Chapter 13 Case but has not yet done so. Additionally, and after consultation with counsel for K5 Fund II 47 Mamaroneck, LLC & 125th 47 Mamaroneck, LLC (the Debtor's "**Landlords**"), the Debtor believes the Landlords will be filing an amended Proof of Claim[1], to contain both a priority and an administrative claim[2], which would need to be addressed in an amended plan to be filed by the Debtor as well.

---

[1] On December 21, 2023, the Landlords filed Proof of Claim No. 6 in the general unsecured amount of $127,020.57.
[2] The Debtor reserves his right to object to any such amended proof of claim filed.

2

7. Further, the Debtor has scheduled an appointment with Social Security for early this month and expects that he should start to receive Social Security income in the coming months, which would also need to be addressed in both the filing of Amended Schedules I/J and an amended plan.

8. As such, any amendments to the Debtor's Plan would be premature and most certainly be superseded by a subsequent amended plan to include the additional priority/administrative claims to be filed, as well as including the increased anticipated income.

9. <u>Second</u>, the Trustee alleges that the Debtor has failed to provide copies of payment advices or other evidence of payment for the last 60 days before the date of filing of the petition (*See,* Motion, ¶3).

10. On February 15, 2024, the Debtor provided, via the Epiq Portal, pay stubs for the period of September 1, 2023 through February 14, 2024. Therefore, the Debtor believes that the deficiency alleged by the Trustee has been cured.

11. <u>Third</u>, the Trustee alleges that the Debtor has failed to: (a) provide an affidavit of contribution for each person contributing to the proposed plan or payment of expenses of the Debtor's household; (b) provide the trustee with documentation of the current value of real property in which the Debtor has an ownership interest; and (c) provide the trustee with evidence in support of certain expenses (*See,* Motion, ¶4).

12. On February 15, 2024, the Debtor provided, via the Epiq Portal, a copy of a Declaration from the Debtor's wife as evidence of contribution to the Debtor's household expenses.

13. Upon information and belief, the Debtor's wife is traveling to Peru in the next week to obtain copies of the documents, that she had requested in Peru during her last visit in January

2024, evidencing the Debtor's ownership of certain properties in Peru and their value. These documents will be in Spanish, and the Debtor will need to obtain a translation of them. As such, once the Debtor has secured the translated documents, they will be promptly provided to the Trustee's office.

14. Additionally, on March 6, 2024, the Debtor filed an Amended Schedule J [ECF No. 26] to clarify some of his household expenses. The same day, the Debtor provided, via the Epiq Portal, proof of the Debtor's bills for certain of the expenses listed on the Amended Schedule.

15. Therefore, the Debtor believes that the deficiencies alleged by the Trustee have been, or will be, cured.

16. The Debtor is complying with his duties and obligations as a Chapter 13 debtor, including remitting his monthly plan payments.

17. Based upon the foregoing, the Trustee's Motion should be denied because the Debtor deserves a chance to reorganize and pay his debts, which is a fundamental purpose behind Chapter 13 bankruptcy proceedings. Additionally, the Debtor has satisfied most of, and is working diligently to resolve, the document deficiencies outlined within the Trustee's Motion.

**WHEREFORE,** the Debtor respectfully requests that the Court deny the Trustee's Motion to Dismiss his Chapter 13 Case, together with such other and further relief as is just and proper.

Dated: Scarsdale, New York
       March 6, 2024

                                          KIRBY AISNER & CURLEY LLP
                                          *Attorneys for the Debtor*
                                          700 Post Road, Suite 237
                                          Scarsdale, New York 10583
                                          Tel: (914) 401 – 9500

                                          By:    /s/ *Jessica M. Hill*
                                                     Jessica M. Hill